JUSTICE COTTER
concurring and dissenting.
¶42 I concur with the Court’s disposition of issues 1 and 3, but dissent from the Court’s disposition of issue 2. I would reverse Minez’s conviction of the offense of use or possession of property subject to criminal forfeiture and instruct the district court to vacate his sentence on that charge.
¶43 First, I disagree with the Court’s conclusion at ¶33 that neither of the crimes of which Minez was convicted is a statutorily enumerated inchoate offense. The enumerated inchoate offenses are solicitation, conspiracy and attempt. Sections 45-4-101 through 103, M.C.A. According to § 45-4-103(1), M.C.A., “[a] person commits the offense of attempt when, with the purpose to commit a specific offense, he does any act toward the commission of such offense.” The offense of use or possession of property subject to criminal forfeiture requires proof that one "... knowingly possesses, owns uses or attempts to use ...” the materials necessary to produce a dangerous drug. I cannot understand how the Court can conclude that possessing, using or attempting to use *488 materials necessary to produce a dangerous drug does not constitute an “act toward the commission” of the production of dangerous drugs.
¶44 In State v. Wolfe, upon which the Court relies at ¶¶ 32-33, we concluded that neither of the offenses charged was an inchoate crime. In doing so, we found it significant that neither statute referenced the other. Wolfe, 250 Mont. at 410. Here, by contrast, § 45-9-206, M.C.A. (the criminal forfeiture statute) alludes directly to § 45-9-110, M.C.A. (the criminal possession of dangerous drugs statute). Specifically, § 45-9-206(2)(a), M.C.A. provides that the property that is subject to criminal forfeiture is "... the raw materials, products, equipment ... that is used or intended for use in manufacturing [or] preparing ... a dangerous drug in violation of ... (among others) 45-9-110 ....” This internal reference in the forfeiture statute to using the forfeitable materials to commit the other crime charged makes it clear that the forfeiture crime of which Minez was convicted is an inchoate offense. Our discussion in Wolfe only buttresses this conclusion.
¶45 Second, even if we address Minez’s argument solely on the basis of the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution, which prohibit being put in jeopardy twice for the same offense, the result is the same. As the Court points out at ¶ 31, the test to be applied to determine whether there are two offenses or only one is "... whether each provision requires proof of an additional fact which the other does not.” I submit that the offense of use or possession of property subject to criminal forfeiture requires proof of the same facts underlying a conviction for criminal production or manufacture of dangerous drugs-i.e., knowing possession, use, or attempt to use, property or materials that are subject to criminal forfeiture.
¶46 Because Minez has established both a statutory and a constitutional double jeopardy violation, I would reverse his conviction for use of possession of property subject to criminal forfeiture and direct the district court to vacate his sentence on that charge. I dissent from our refusal to do so.
JUSTICES WARNER and LEAPHART join in the concurrence and dissent of JUSTICE COTTER.